## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**HENRY TEROIL ROLLIE,**                    )
        **Petitioner,**                    )
                         )
        **v.**                    )    **C.A. No. 05-132 ERIE**
                         )
**SUPERINTENDENT RAYMOND COLLERAN,**)
**ET. AL.,**                    )
        **Respondent.**                    )

---

## COMMONWEALTH'S ANSWER TO PETITION FOR
## WRIT OF HABEAS CORPUS

---

Roger M. Bauer, Esq.
Assistant District Attorney
Erie County Courthouse
140 West Sixth Street
Erie, Pennsylvania 16501
P.A. I.D. #82287
(814) 451-6349

July 27, 2005

**TABLE OF CONTENTS**

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.      PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     STATUTE OF LIMITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III.    COGNIZABLE CLAIMS IN FEDERAL HABEAS CORPUS PROCEEDINGS . . . . . 5

IV.     EXHAUSTION OF STATE REMEDIES . . . . . . . . . . . . . . . . . . . . . . . . . . 6

V.      PROCEDURAL DEFAULT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

VI.     MERITS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        A.      Ineffective Assistance of Counsel . . . . . . . . . . . . . . . . . . . . . . . 11

VII.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## TABLE OF CITATIONS

Coleman v. Thompson, 501 U.S. 722, 750 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Commonwealth v. Fahy, 737 A.2d 214 (Pa. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir.) cert. denied 512 U.S. 1230, 129 L.Ed. 2d 853 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Geschwelt v. Ryan, 967 F.2d 877 (3d Cir. 1992) cert. denied 506 U.S. 977 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Jackson v. Bird, 105 F.3d 145, 149 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Jackson v. Virginia, 443 U.S. 307, 61 L.Ed. 2d 560, 99 S.Ct. 2781 (1979) . . . . . . . . . . . 12, 13

Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Lando v. Rafferty, 897 F.2d 661, 669-670 (3d Cir.) cert. denied 498 U.S. 811 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Lines v. Larkens, 208 F.3d 153, 159-60 (3d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Smith v. Phillips, 455 U.S. 209 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Strickland v. Washington, 466 U.S. 668, 80 L.Ed. 2d 674, 104 S.Ct. 2052, reh'g denied 467 U.S. 1267, 82 L.Ed. 2d 864 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Swartz v. Myers, 2004 F.3d 417, 424-4245 (3d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Wertz v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## STATUTES

18 Pa. C.S.A. §903 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

18 Pa. C.S.A. §907 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

18 Pa. C.S.A. §2701 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

18 Pa. C.S.A. §2702(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

18 Pa. C.S.A. §2706 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

18 Pa. C.S.A. §3701 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

28 U.S.C. §2244(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. §2244(d)(1)(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. §2244(d)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. §2254(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. §2254(b)(1)(B)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

28 U.S.C. §2254(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. §2255(b)(1)(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. §2255(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

42 Pa. C.S.A. §9545(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## I.   **Procedural History**

The Petitioner, Henry Teroil Rollie, was charged at Docket Number 2840 of 2002 with Criminal Conspiracy to commit Aggravated Assault, a felony of the first degree; Criminal Conspiracy to commit Robbery, a felony of the first degree; Simple Assault, a misdemeanor of the second degree; Recklessly Endangering, a misdemeanor of the second degree; Terroristic Threats, a misdemeanor of the first degree; Possessing Instruments of Crime, a misdemeanor of the first degree; Aggravated Assault, a felony of the first degree; and Robbery, a felony of the first degree. On January 31, 2003, the defendant filed a Motion to Suppress with the Court of Common Pleas. The Honorable Judge Anthony granted a Rule to Show Cause on February 3, 2003. On February 24, 2003, Judge Anthony cancelled the Rule to Show Cause because he was not the assigned judge in the case. On February 27, 2003, the defendant filed a Motion to Suppress in front of the proper judge, The Honorable Ernest DiSantis. On February 27, 2003, the Motion to Suppress was denied by Judge DiSantis. On March 4, 2003, the defendant asked for reconsideration of the Suppression Motion denial and on March 13, 2003, at the time of trial, the court denied its motion to reconsider suppression.

After a jury trial, the defendant was found guilty on March 17, 2003 to the following counts: Count 1, Criminal Conspiracy to commit Aggravated Assault; Count 3, Simple Assault; Count 5, Terroristic Threats; Count 6, Possessing Instruments of Crime; Count 7, Aggravated Assault; and Count 8, Robbery. Count 2, Criminal Conspiracy to commit Robbery was consolidated with Count 1, and Count 4, Reckless Endangering, was withdrawn by the Court as being superflurious. On May 1, 2003, the Petitioner was sentenced to an aggregate sentence of 120 to 240 months of incarceration.

1

On May 12, 2003, the Petitioner filed a timely post-sentence motion, which was denied

by the trial court on May 13, 2003.  On June 2, 2003, Petitioner filed a Notice of Appeal.

In his Notice of Appeal, the defendant raised numerous issues, including the following:

1.    Did the trial court error in denying a Suppression Hearing on the knife?

2.    Did the trial court error in denying a Suppression Hearing on the backpack?

3.    Did the trial court error in denying suppression of a photo lineup as unduly suggestive?

4.    Did the trial court error in admitting the knife as demonstrative evidence?

5.    Was there prosecutorial misconduct when the prosecutor wished the jurors a happy St. Patrick's Day at the beginning of closing argument?

On appeal, the Pennsylvania Superior Court found only two (2) issues raised by

Petitioner.  1.) Is the defendant prejudiced when the Commonwealth makes religious

statements in its closing argument; 2.) In criminal proceedings, does an exhibit that is

claimed to be demonstrative have to be reasonably related to the crime?  On March 23,

2004, the Superior Court denied the Petitioner's appeal and affirmed the judgment of

sentence.

On April 13, 2004, the Petitioner filed a timely request for Post-Conviction Relief

under Pennsylvania's Post-Conviction Relief Act.  42 Pa. C.S.A. §9541 et. seq.  After the

initial petition was filed, the Petitioner filed supplementals to his PCRA Petition on April

14, 2004; April 23, 2004; May 4, 2004; and May 19, 2004.  On May 27, 2004, the trial

court appointed counsel to assist Petitioner on his PCRA and that same counsel, William

Hathaway, Esquire, filed a No Merit Letter on May 30, 2004 and asked permission to

withdraw as counsel.  On June 28, 2004, the trial court granted Attorney Hathaway's

Petition to Withdraw and indicated intent to dismiss the PCRA Petition without a hearing. The Petitioner filed an objection to this Order on July 6, 2004, to which the trial court granted the Petitioner an additional thirty (30) days to challenge the proposed dismissal on July 9, 2004. The defendant file two (2) more supplementals to his PCRA on July 14, 2004 and July 19, 2004. On July 20, 2004, the trial court denied the defendant's PCRA Petition. On July 29, 2004, the Petitioner filed a timely appeal of that Order. This appeal was denied on February 9, 2005 by the Pennsylvania Superior Court.

## II.    <u>Statute of Limitations</u>

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) prescribes a one-year period of limitations for filing of habeas petitions by state prisoners. 28 U.S.C. §2244(d)(1). The limitation time starts to run once the judgment becomes final by conclusion of direct review. 28 U.S.C. §2244(d)(1)(a). However, if the Petitioner files for state post-conviction relief, the limitation time is tolled during the time the petition is pending, as well as any post-conviction appeal. 28 U.S.C. §2244(d)(2). <u>Swartz v. Myers</u>, 2004 F.3d 417, 424-425 (3d Cir. 2000).

In this case, Petitioner took a direct appeal, and when that was denied, filed for Post-Conviction Relief within thirty (30) days of his appeal being denied. Once Petitioner's PCRA petition was denied, Petitioner filed an appeal on that Order within ten (10) days. After Petitioner's PCRA appeal was denied on February 9, 2005, Petitioner then filed this Petition for Habeas Corpus dated April 26, 2005. Although the Commonwealth has no record as to when the petition was actually filed in the District Court, the District Court order requiring the Commonwealth to respond was dated June 3, 2005. Taken together, it is clear that this Petition was filed timely within the one-year time period required by the AEDPA.

III.     **Cognizable Claims in Federal Habeas Corpus Proceedings**

A state prisoner may seek Federal Habeas relief only if he is in custody in violation of the United States Constitution or federal law.  28 U.S.C. §2254(a), <u>Smith v. Phillips</u>, 455 U.S. 209 (1982); <u>Geschwelt v. Ryan</u>, 967 F.2d 877 (3d Cir. 1992) cert. denied 506 U.S. 977 (1992).

Under 28 U.S.C. §2254(d), a Federal Court must not grant an application for Writ of Habeas Corpus with respect to state court proceedings unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

In this case, the Petitioner makes general claims for relief, but does not adequately explain how these claims leave him in state custody in violation of the United States Constitution or any other federal law, or that the State Courts unreasonably determined facts that were contrary to established federal law as determined by the Supreme Court of the United States, or that their decision was an unreasonable application of that precedent in light of the evidence presented in the State Court proceedings.

## IV.    **Exhaustion of State Remedies**

A state prisoner is not entitled to Federal Habeas relief unless he has exhausted

the remedies in State Court.  28 U.S.C. §2255(b)(1)(a).  In order to satisfy the exhaustion

requirement, both the legal theory and the facts supporting a federal claim must be fairly

presented to State Courts before bringing a Habeas Petition.  Wertz v. Vaughn, 228 F.3d

178, 192 (3d Cir. 2000); Lando v. Rafferty, 897 F.2d 661, 669-670 (3d Cir.) cert. denied.

498 U.S. 811 (1990).  The same claims must be fairly presented at all levels of the State

Courts.  Lines v. Larkens, 208 F.3d 153, 159-60 (3d Cir. 2000).  The burden rests with

the Petitioner to establish his claims had been exhausted in State Courts.  Lambert v.

Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

The Petitioner raises seven (7) issues in his Habeas Petition:

1.  Ineffective assistance of counsel.

    A.  Trial counsel provided ineffective assistance.

    B.  Each and every counsel associated with Appellant's case provided
        serial "layered" ineffective assistance of counsel.

2.  Biased and prejudicial jury.

3.  State failed to prove beyond a reasonable doubt each and every element of the
    offenses charged against the applicant.

4.  Judicial error misconduct.

5.  Prosecutorial error and misconduct.

6.  Trial court error.

7.  Illegal sentence.

In regards to ineffective assistance of trial counsel, it cannot be said Petitioner

filed this claim at all levels of the State Court. A review of the record shows that ineffective assistance of counsel was not raised on direct appeal. That is not surprising, however, in Pennsylvania as ineffective assistance claims are generally filed on collateral attack through a PCRA petition. See Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002). Although the PCRA does allege ineffective assistance of counsel, it does so specifically in regards to failure to file and obtain a Suppression Motion on both the knife and the backpack. In this petition, there is no indication of what claim is being raised as far as ineffective assistance of trial counsel. This makes it difficult for the Commonwealth to determine whether or not Petition has exhausted his state claims because he is silent in his petition as to why counsel was ineffective. Therefore, the Commonwealth avers that Petitioner has failed to carry his burden of proving his claim on ineffective assistance of trial counsel has been exhausted.

In regards to the claim of ineffective assistance of appellate counsel on direct appeal, Petitioner made a claim that appellate counsel was ineffective in his PCRA because he appealed from the judgment of sentence instead of asking for a new trial. As stated above, Petitioner fails to allege how appellate counsel was ineffective in his Petition, so it is unclear whether he is raising the same claim presented to the State Court or has a new claim. As such, the Commonwealth avers Petitioner has failed to carry his burden that he has exhausted his claims in State Court. In fact, with regards to his claim of a biased and prejudicial jury, judicial error and misconduct, prosecutorial error and misconduct, and trial court error, the Petitioner is silent as to whether or not he raised these claims in the State Courts below. As mentioned earlier, the Petitioner has the burden of establishing he has exhausted his claims in State Court and in this case,

7

Petitioner has failed to do so.  Therefore, the Commonwealth alleges he has not met his burden in proving that he has exhausted his claims in State Court.

With regards to the issue of sufficiency of evidence, the Petitioner has never raised a sufficiency of the evidence argument on direct appeal.  Although Petitioner did raise a sufficiency argument in his pro se PCRA amendments, he only argued insufficient evidence as to certain counts, not all counts in the Information.  With regards to insufficient of evidence as to Simple Assault, this is the first time the defendant has made such a claim and, therefore, that claim cannot be deemed exhausted.  Because Petitioner is silent on how this claim has been exhausted in the State Courts, he has failed to meet his burden in showing exhaustion of state remedies.

With regards to the claim of illegal sentence, this is the first time this issue has been raised.  As such, Petitioner cannot meet his burden in showing this claim was exhausted in State Court.

V.    **Procedural Default**

In some cases, the exhaustion requirement may be satisfied in situations when a

state procedural rule bars the Petitioner from seeking relief in State Court. This is

because the procedural rule eliminates any state corrective process. 28 U.S.C.

§2254(b)(1)(B)(i).

In this case, Petitioner can no longer raise any of the issues through direct or

collateral review. This is because under 42 Pa. C.S.A. §9545(b)(1), a filing of another

PCRA Petition would be considered untimely. The time limitation for filing a PCRA

Petition is one-year, and this requirement has been consistently and regularly enforced by

Pennsylvania Courts. See Commonwealth v. Fahy, 737 A.2d 214 (Pa. 1999) (legality of

sentence issue, though non-waivable, must none-the-less be filed within the PCRA's one-

year time limit in order to confirm jurisdiction.)

Federal Habeas review is not available to a Petitioner whose constitutional claims

have not been addressed on the merits due to procedural default unless the Petitioner can

demonstrate:

1.    The cause for default and actual prejudice as result of a violation of

Federal Law; or

2.    Failure to consider the claims will result in a fundamental miscarriage of

justice.

Coleman v. Thompson, 501 U.S. 722, 750 (1991).

The Petitioner fails to demonstrate the default was caused by a violation of

Federal Law or a failure to consider the claims would result in a fundamental miscarriage

of justice.  Petitioner merely makes bald allegations without any facts to support them

and, therefore, he has not met his burden to overcome the procedural default doctrine.

**VI.**    **Merits**

    **A.**    **Ineffective Assistance of Counsel**

        The Petitioner alleges ineffective assistance of trial counsel and then asserts each and every counsel associated with Petitioner's case provided serial "layered" ineffective assistance of counsel.  Federal law precluded ineffective counsel claims during federal and state collateral post-conviction proceedings.  28 U.S.C. §2255(i).  Therefore, the Commonwealth will only address Petitioner's claims as to ineffective assistance of trial counsel and appellant counsel on direct appeal.  The test for ineffective assistance of counsel was articulated in Strickland v. Washington, 466 U.S. 668, 80 L.Ed. 2d 674, 104 S.Ct. 2052, reh'g denied 467 U.S. 1267, 82 L.Ed. 2d 864 (1984).  In Strickland, the United States Supreme Court held that in order to establish ineffective assistance of counsel, a defendant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.  The Court set forth a 2-prong test requiring a defendant to show first, that counsel's performance was deficient, and second the deficient performance prejudiced the defendant.  In order to establish ineffective assistance of counsel under Strickland, a habeas petitioner must show his attorney's representation fell below an objective standard of reasonableness and that any prejudice which appeared prejudiced the defense.  Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir.) cert. denied 512 U.S. 1230, 129 L.Ed. 2d 853 (1994).

        In his habeas petition, Petitioner is silent as to how trial counsel's or appellant counsel's conduct fell below an objective standard of reasonableness.

The Petitioner presents nothing more than bald allegations of ineffective assistance of counsel without articulating any facts to show that counsel's performance was deficient and that he was prejudiced by that fact. As such, the defendant has failed to meet his burden of showing counsel was ineffective. Therefore, he cannot prevail on the merits and his claim should be denied. In fact, in regards to Petitioner's claims on issue two, biased and prejudicial jury; issue 4, judicial error and misconduct; issue 5, prosecutorial error and misconduct; issue 6, trial court error; and issue 7, illegal sentence, the Petitioner makes nothing more than general allegations of some sort of error, but he submits not facts to support that the court and the prosecutor acted any way contrary to the United States Constitution or Federal law, or that somehow the jury panel was biased and prejudicial in violation of the U.S. Constitution or Federal Law. Since Petitioner does not allege any violation of the U.S. Constitution or Federal Law, he is not entitled to Federal Habeas relief on these general claims.

The final issue to discuss is sufficiency of the evidence. The Petitioner alleges that the Commonwealth has failed to prove each and every element of the crime of the offenses he is charged with beyond a reasonable doubt. This appears to be a challenge to the sufficiency of the evidence. The test for sufficiency of the evidence was articulated in Jackson v. Virginia, 443 U.S. 307, 61 L.Ed. 2d 560, 99 S.Ct. 2781 (1979). Basically, the Court must ask whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt...the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the

12

essential elements of the crime beyond a reasonable doubt.  <u>Jackson</u>, 443 U.S.

318-19.  Further, the Federal Court should look at the evidence the state considers

adequate to meet the elements of a crime governed by state law.  <u>Jackson v. Bird</u>,

105 F.3d 145, 149 (3d Cir. 1997).

     In this case, the defendant was convicted of various counts.  In order to

show the crime of Criminal Conspiracy, the Commonwealth must show the

defendant engaged in conduct or agreed with another to engage in conduct which

constitutes a crime or an attempt or solicitation to commit a crime, or he agreed to

aid such other person in planning or commission of such a crime.  18 Pa. C.S.A.

§903.

     In order to convict a person of Aggravated Assault, the Commonwealth

must prove beyond a reasonable doubt that the defendant did attempt to cause

serious bodily injury to another, or caused such injury intentionally, knowingly, or

recklessly under circumstances manifesting extreme indifference to the value of

human life.  18 Pa. C.S.A. §2702(a)(1).

     In order to be convicted of Robbery, the Commonwealth must prove

beyond a reasonable doubt that the defendant in the course of committing a theft

inflicted serious bodily injury upon another or threatened another with or

intentionally put him in fear of immediate, serious bodily injury and/or the

defendant committed or threatened to commit a felony of the first or second

degree.  18 Pa. C.S.A. §3701.

     In order to prove Simple Assault, the Commonwealth must prove beyond

a reasonable doubt that the defendant did attempt to cause bodily injury to another

or intentionally, knowingly or recklessly caused bodily injury to another.  18 Pa. C.S.A. §2701.

In order to prove Terroristic Threats, the Commonwealth must prove beyond a reasonable doubt that the defendant did threaten to commit a crime of violence with the intent to terrorize another or acted with the reckless disregard of causing such terror or inconvenience.  18 Pa. C.S.A. §2706.

In order to show Possessing Instruments of Crime, the Commonwealth must prove beyond a reasonable doubt that the defendant did possess the weapon with the intent to employ it criminally.  18 Pa. C.S.A. §907.

A review of the record indicates that the Commonwealth has met its burden of proof beyond a reasonable doubt based on the victim's testimony on the second day of trial.  At trial, the victim indicated that the Petitioner and another chased him down and the victim was pushed by the co-defendant into the Petitioner.  The Petitioner put a knife to the victim's throat and was ordered to hand over the bookbag.  T.T., 3/14/05, pp. 28-29.  The victim then grabbed the knife and tried to get away, but was pushed down.  The co-defendant kicked him and Petitioner kept slashing at the bookbag and at him and he was again ordered to hand over the bookbag or else "I'll cut you like a pig".  T.T., 3/14/05, p. 30. The victim actually suffered cuts from the knife on his knees and he had but his hand when he grabbed the knife when he tried to get away.  T.T., 3/14/05, p. 31. Based on this testimony alone, it is clear that the Commonwealth has presented sufficient evidence to convict the defendant of the crimes that he was charged with beyond a reasonable doubt.

14

## VII.    <u>Conclusion</u>

Based on the above, the Commonwealth asserts the Petitioner is not entitled to

Federal Habeas relief and we ask that that Petition be denied.


Respectfully submitted,


Roger M. Bauer, Esq.
Assistant District Attorney


15

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HENRY TEROIL ROLLIE,** )<br>    **Petitioner,** )<br> )<br>    **vs.** )<br> )<br>**SUPERINTENDENT RAYMOND COLLERAN,** )<br>**ET. AL.,** )<br>    **Respondent.** ) | **C.A. No. 05-132 Erie** |

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a true and correct copy of the Commonwealth's Answer to Petition for Writ of Habeas Corpus in the above-captioned matter, upon the person and in the manner indicated below, which service satisfies the requirements of Pennsylvania Rules of Appellate Procedure.

Services by First Class Mail:

Henry Teroil Rollie, DP-1995
SCI-Waymart
P.O. Box 256
Waymart, PA 18472-0256

By: _____
        ROGER M. BAUER, ESQ.
        Assistant District Attorney
        Erie, Pennsylvania   16501
        (814) 451-6349

Dated: July 27, 2005