CA  05-132 E

3-13-06

In the United States District Court


For the Western District fo Pennsylvania


Henry Rollie                    :          Case Number:  05-132 Erie

        vs.                     :

Superintendent Raymond Colleran

U.S. DISTRICT COURT
CLERK
MAR 16
'06
A 9:39
FILED


## Amendment To


## Commonwealth's Answer to Petition for Writ of Habeas Corpus §2254


The reason I ask the Court to accept this Amendment is due
to the fact that only just now do I fully understand the Commonwealth's
Answer to Habeas Corpus; and I am unlearned, unlettered and
unskiled in the law.  The institution limits the access to the
Law Library and materials contained therein are very limited.


Petitioner hopes and prays the Court accepts this Amendment
in good faith


First, I would like to explain the exhaustion of my claims;
cite as: 287 F.2d 210  3rd cir 2004  Lambert v. Blackwell where:

        The exhaustion doctrine "turns on an inquiry into what
        procedures are'available' under state law." O'Sullivan  v.
        Boerckel, 526 U.S. 838, 847, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999)
        And the Supreme Court has declined to interpret the
        "any available proceduer" language of §2254(c) to
        require a"state prisoner to invoke **any possible** avenue

\

of state court review." Id. at 844, 119 S.Ct. 1728
(emphasis on original). Thus "state prisoners do
not have to invoke extraordinary remedies when those
remedies are alternatives to the standard review process
and where the state courts have not provided relief
through those remedies in the past." Id. (citing
Wilwording v. Swenson, 404 U.S. 249, 249-50, 92 S.Ct.
407, 30 L.Ed.2d 418 (1971) (per curiam(). "Section
2254(c) requires only that state prisoners give state
courts a **fair** opprotunity to act on their claims,"
Id. (emphasis on original).

    In O'Sullivan, the Supreme Court held that a petitioner
must seek review in the Illinois Supteme Court in
order to satisy the exhaustion requirement even though
the court's review is discretionary.  The Court found
that review in the Illinois Supreme Court was a "normal,
simple, and established part of the State's apellate
reivew process." 526 U.S. at 845, 119 S.Ct. 1528.
As a result, the petitioner had to seek review in
order to give the state courts a "full opportunity
to resolve any constitutional claims." Id. In other
words, "the creation of a discretionary review system
does not, without more, make review in the Illinois
Supreme Court unavailable." Id. at 848, 119 S.Ct.
1728.

    The Court took pains, however, to state that "

2

In re Exhaustion of State Remedies in Criminal

and Post-Conviction Relief cases, 321, S.C. 563,

471 S.Ed.2d 454 (1990).


The Pennsylvainia supreme Court, apperently taking

its cue from Justice Souter's concurrence, issued

the following order on May 9, 2000:

  [W]e hereby recognize that the Superior Court of

Pennsylvania reviews criminal as well as civil appeals.

Further, review of a final order of the Superior Court

is not a matter of right, but of sound judicial discretion

and an appeal to this court will be allowed only when

there are special and important reasons therefore.

Pa.R.A.P. 1114. Further, we hereby recognize that

criminal and post-conviction relief litigants have

petitioned and do routinely petition this Court for

allowance of appeal upon Superior Court's denial or

relief in order to exhaust all available state remedies

for purposes of federal habeas corpus relief. In

recognition of the above, we hereby declare that in

all appeals from criminal convictions or post-conviction

relief matters, a litigant shall not be required to

petition for rehearing or allowance of appeal following

an adverse decision by the Superior Court in order

to be deemed to have exhausted all available state

remedies respecting a claim of error. When a claim

has been deemed exhausted all available state remedies

for purposes of federal habeas corpus relief. This

Order shall be effective immediately.

3

"there is nothig in the exhaustion doctrine requiring
federal courts to ignore state law or rule providing
that a given procedure is not available."  Id. at
847-48, 119 S.Ct. 1728.  Justice Souter interpreted
this statement as leaving

> open the possibility that a state prisoner is
> [] free to skip a procedure even when a state
> court has occasionally employed it to provide
> relief, so long as the State has identified the
> procedure as outside the standard review process
> and has plainly said that it need not be sought
> for the purpose of exhaustion.  It is not obvious
> that either comity or precedent requires otherwise.

Id. at 850, 119 S.Ct. 1728 (Souter, J. concurring);
se also Id. at 861, 119 S.Ct. 1728 (Stevens, J. dissenting); Id.
at 854, 119 S.Ct. 1728 (Breyer, J., dissenting).
As an exampel, Justice souter pointed to the following
pronouncement from the South Carolina Supreme Court:

> In all appeals from criminal convictions or post-
> conviction relief matters, a litigant shall not
> be required to petition for rehearing an certiorari
> following an adverse decision of the Court of
> Appeals in order to be deemed to have exhausted
> all available state remedies respecting a claim
> of error.  rather, when the claim has been presented
> to the Court of Appeals or the Supreme Court,
> and relief has been denied, the litigant shall
> be deemed to have exhausted all available state
> remedies.

4

In re Exhaustion fo State Remedies in Criminal and Post-conciction Cases, No. 218 Judicial Administration Docket No.1 (Pa. May 9, 2000) (Order No. 218). Several Pennsylvania district courts have held that due to Order No. 218, a state prisoner need not petition the Pennsylvania Supreme Court for allocator in order to exhaust state court remedies and seek habeas corpus relief in federl court. See Wilkinson v. Vaughn, 304 F.Supp.2d. 652 (E.D.Pa Nov. 26, 2004); Lorv. Varner, 2003 WL 22845413 (E.D.Pa. 2003); Lambert v. Blackwell, 2003 WL 1718511 (E.D.Pa. Apr. 1, 2003); Leon v. Benning, 2003 WL 21294901 (E.D.Pa Feb.24, 2003); Mattis v. Vaugn, 128 F.Supp.2d 249 (E.D.Pa 2001); Blast v. Attorney General, 120 F.Supp.2d 451 (M.D.Pa. 2000). Other Circuits have reached similar conclusions with regard to comparable state supreme court rules. SEE Adams v. Holland, 330 F.3d 398, 401-02 (6th Cir.2003) (Tennessee); Randolf v. Kenna, 276 F.3d 401, 404 (8th Cir. 2002) (Missouri); Swoopes v. Sublett, 196 F.3d 1008-10 (9th Cir. 1999) (per curiam) (Arizona). We reserved judgement judgement on this issue in Wenger v. Frank, 266 F3d 218 (3rd Cir.2001) and Villot v. Varner, 373 F.3d 327, 338 n.14 (3rd Cir. 2004). We now hold that Order No. 218 renders review from the Pennsylvnia Supreme Court "unavailable" for the purposes of exhausting state court remedies under §2254(c).

Order No. 218 serves to remove review of the criminal and collateral appeals from the "normal" and "established" appellate review procedure in Pennsylvania. As Judge Van Antwerpen put it in Mattis v. Vaughn, order No. 218 is the something "more" that makes the Pennsylvania Supreme Court's discretionary review system "Unavailable". 128 F.Supp.2d at 259. Consequently, petitioners need not seek review from the Pennsylvania Supreme

Court in order to give the Pennsylvania Courts a "full opportunity
to resolve any constitutional claims."


Regarding the Petitioner being silent in his Petition, the
Commonwealth states in their response to the Habeas Corpus
Proceedings that the petitioner makes general claims for relief,
but does not adequately explain how the claims leave him in
state custody , in violation of the United States Constitution
or any other Federal law.  The Commonwealth also states in their
response that the petitioner is silent on his claims.

The Commonwealth also claims that the petitioner wrote general
assertions of the issues to be presented to the court for review.
Once petitioner filed for Habeas Corpus, due to the local rules
of court which prevent applicant from adding additionsl pages
or altering the §2254 Federal Habeas Corpus Application by petitioner,
he was unable to fully develope and present his issues adequately
in the limited space provided.  Therefore, petitioner only
presented the courts with general assertion of the issues to
be presented to the court for review.  Petitioner did ask for
permission to file an addendum brief fully detailing claims,
arguments and citations, but no one ever ruled on that request.
That is why the petitioner was so silent with his claims on
the application.  Also the petitioner did not have transcripts
to protect the claims at the time .  The petitioner still does
not have the transcripts of the verdict slips, jury survey slips,
and the jury selection transcripts.

Regarding the <u>Procedural default</u>, it is well settled that habeas corpus relief may ge precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules.  The united States Supreme Court has explained that a petitioners procedural default in the state courts will preclude federal habes corpus review, if "the last stat court rendering a judgement in the case and rested its judgement on the procedural default"  See <u>Wainwright v. Sylas</u>, 433 U.S. 72, 85  (1977).

"In such a case, a federal court must determine not only whether a petitioner has failed to comply with state procedures, but also whether the state court relied on the procedural default or alternately, chose to waive the procedural bar. 'Aprocedural default does not bar consideration of a federal claim on either direct or habeas corpus review unless the last state court rendering a judge-ment in the case clearly and expressly states that its judgement rests on a state procedural bar." <u>Harris v. Reed</u>, 489 U.S. 255, 263-64 (1989). "The last explained state court judgement should be used to make this determination." <u>Ylst v. Nunnemarler</u>, 501 U.S. 797, 803-05 (1991).  "If the last state judgement is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion.  <u>Thomas v. Warren.</u>

HAbEAS corpus should be granted due to this Amendment

Henry J. Rallie
3-13-06

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


HENRY TEROIL ROLLIE            : CIVIL ACTION NO. 1:05-CV-132
                               :
              Petitioner       :
                               :
        v.                     :
                               :
SUPERINTENDENT RAYMOND         :
COLLERAN, et al.               :
                               :
              Respondents      :


<u>PROOF OF SERVICE</u>

    I, the undersigned, verify that I have served a
complete copy of these petitions(s) to the below indicated
person(s) via first class mail to:




Roger M. Bauer
Office of the District Attorney
140 West 6th Street
Erie, PA  16501


7

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


HENRY TEROIL ROLLIE            : CIVIL ACTION NO. 1:05-CV-132
                               :
              Petitioner       :
                               :
       v.                      :
                               :
SUPERINTENDENT RAYMOND         :
COLLERAN, et al.               :
                               :
              Respondents      :

<u>VERIFICATION</u>


     I, the undersigned, verify that the above statement is
true and correct and that any false statement herein, are
made subjected to title 18 Pa. C.S.A. § 4904 relating to
unsworn falsification to authorities.



                              Respectfully submitted,

3-13-06

                              _Henry T Rollie_____
                              Henry Teroil Rollie
                              #DP-1995
                              P.O. Box 256
                              Waymart, PA 18472




8