IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
Henry Teroil Rollie,          :
          petitioner,          :
                               :
              v.               :        C.A. No. 05-132 Erie
                               :
Superintendant Raymond Colleran,:
et.al,                         :
              respondent :
```

-------------------------------------------------------------------------

Petitioner's Objection to Report

and Recommendations of

Judge Susan J. Baxter

-------------------------------------------------------------------------

Henry Rollie, pro se
GU-0341
P.O. Box 256
Waymart, Pa  18472

November 6 , 2006

## Table of Contents

TABLE OF CITATIONS                                              I

PROCEDURAL HISTORY                                             II

COGNIZABLE CLAIMS IN FEDERAL HABEAS CORPUS PROCEEDINGS        III

PROCEDURAL DEFAULT AND BASIS OF SUPRESSION
OF KNIFE AND BACKPACK                                          1

THE PROSECUTION FAILED TO PROVE ELEMENT(S) OF CRIMES          2

PROOF OF CONSPIRACY                                            3

BIAS AND PREJUDICED JURY                                       4

INEFFECTIVE COUNSEL:  ABUSE OF DISCRETION                     5

CONCLUSION                                                     6

## Table of Citations

SMITH v. PHILLIPS, 455 U.S. 209 (1982) iii

GESCHWELT v. RYAN, 967 F.2d 877 (3rd Cir. 1992) cert. denied 506 U.S. 977 (1992) iii

COLEMAN v. THOMPSON, 501 U.S. 722, 750 (1991)  p.1

U.S. v. GONZALES-LOPEZ, 399 F.3d 924 (8th Cir. 2005)  p.1

COM. v. HESS, 617 A.2d 307, 532 Pa. 607  P.1

COM. v. RUCKER, 761 A2.d 541 (2000)  p.1

COM. v. ELLIS, 581 A.2d 595 (Pa.Super. 1996)  p.1

FARETTA v. CALIF., 422 U.S. 806, 819, 95 S.Ct. 2525, 45 L.E.D.2d 562 (1975)  p.1

COM. v. PADDEN, 783 A.2d 299 (Pa. 2001) p.1

EDWARDS v. CARPENTER, 529 U.S. 446, 451 (2000)  p.1

McLESKEY v. ZANT, 499 U.S. 467, 493 (1991)  p.1

MURRAY v. CARRIER, 477 U.S. 478, 488 (1986)  p.1

COM v. BOYLE, 498 Pa. 486, 447 A.2d 250 (1982)  p.2

MORRISON v. COM. DEPT.OF PUBLIC WELFARE, 538 Pa. 122, 646 A.2d 565 (1994)  p.2

COM. v. CARDONA, 463 A.2d 11, 316 Pa.Super. 381 Super (1983)  p.2

BRADY v. STATE OF MARYLAND, 373 U.S. 83 (1963)  p.3

U.S. v. SCHRAMM, 75 F.3d 156 (3rd Cir. 1996)  p.3

U.S. v. KELLY, 892 F.2d 255, 258 (3rd Cir.1989)  p.3

CASTENDA v. PARTIDA, 430 U.S. 482, 494-495, 97 S.Ct. 1272, 1280, 51 L.E.D.2d 498 (1977)  p.4

HERNANDEZ v. Texas, 347 U.S. at 672, 673  p.4

TAYLOR v. LOUISIANA, 419 U.S. 522, 95 S.Ct. 692, 42 L.E.D.2d 690 (1975)  p.4

ARLINGTON HEIGHTS v. METROPOLITAN HOUSING DEVELOPEMENT CORP., 429 U.S. at 266, 97 S.Ct., at 504  p.4

MILLER-EL v. COCKRELL, U.S. No. 01-7662 (2003)  p.4

PURKETT v. ELEM, 514 U.S. 765, 768 (per curiam)  p.5

SWAIN v. ALABAMA, 380 U.S. 202  p.5

SLACK v. McDANIEL, 529 U.S. 473  p.5

ALEXANDER v. LOUISIABA, 405 U.S. at 632, 92 S.Ct. at 1226  p.5

WHITUS v. GEORGIA, 385 U.S. at 87 S.Ct. at 646-647  p.5

BASTON v. KENTUCKY, 106 S.Ct. 1712 (1986  p.5

STROUDER v. WEST VIRGINIA, 10 OTTO 303, 100 U.S. 303, 25 L.E.D.2d 664 (1880)  p.5

CHANTHAVONG v. TRAN, 682 A.2d 334, 452 Pa.Super. 378 (1996)  p.6

COM. v. GRAZIER, 713 A.2d 81 (Pa. 1998)  p.6

## Procedural History

The petitioner, Henry Teroil Rollie, was charged at Docket Number 2840 of 2002 with Criminal Conspiracy to commit Aggravated Assault, a felony of the first degree; Criminal Conspiracy to commit Robbery, a felony of the first degree; Simple Assault, a misdemeanor of the second degree; Terroristic Threats, a misdemeanor of the first degree; Possessing Instruments of Crime, a misdemeanor of the first degree; Aggravated Assault, a felony of the first degree; and Robbery, a felony of the first degree.  On January 31, 2003, Attorney Brown filed a Motion to Suppress with the Court of Common Pleas.  The Honorable Judge Anthony granted a Rule to Show Cause on February 3, 2003.  On February 24, 2003, Judge Anthony cancelled the Rule to Show Cause because he was not the assigned judge in the case.  On February 27, 2003, Atty. Brown filed a Motion to Supress in fornt of the proper judge, the Honorable Ernest DiSantis.  On February 27, 2003, the Motion to Supress was denied by Judge DeSantis.  On March 4, 2003, Atty. Brown asked for reconsideration of the Suppression Motion denial and on March 13, 2003, at the time of trial, the court denied its motion to reconsider suppression.

After a jury trial, the defendant was found guilty on March 17, 2003 to the following counts:  Count 1, Criminal Conspiracy to commit Aggravated Assault; Count 3, Simple Assault Count 5, Terroristic Threats; Count 6, Possessing Instruments of Crime; Count 7, Aggravated Assault; and Count 8, Robbery.  Count 2, Criminal Conspiracy to commit Robbery was consolidated with Count ,1 and Count 4, Reckless Endangering, was withdrawn by the Court as being superflurious.  On May 1, 2003 the petitioner was sentenced to an aggregate sentence of 120 to 240 months of incarceration.  On May 12, 2003, the petitioner filed a timely post-sentenc motion, which was denied by the trial court on May 13, 2003.  On June 2, 2003, the petitioner filed a Notice of Appeal.  In his Notice of Appeal, the defendant raised numerous issues, including the following:

1.  Did the trial court error in denying a Suppression Hearing on the knife?

2.  Did the trial court error in denying a Suppression Hearing on the backpack?

3.  Did the trial court error in denying the supres-

-11-

3.  -sion of a photo lineup as unduly suggestive?

4.  Did the trial court error in admitting the knife
    as demonstrative evidence?

5.  Was there prosecutorial misconduct when the
    prosecutor wished the jurors a happy St. Patrick's
    Day at the beginning of closing argument?

On appeal, the Pennsylvania Superior Court found only two
(2) issues raised by the petitioner:

1.  Is the defendant prejudiced when the Commonwealth
    makes religious statements in its closing argument?

2.  In criminal proceedings, does an exhibit claimed
    to be demonstrative have to be reasonably related
    to the crime?

On March 23, 2004, the Superior Court denied the peti-
tioner's appeal and affirmed the judgement of sentence.

On April 13, 2004, the petitioner filed a timely request
for Post-Conviction Relief under Pennsylvania's Post-Conviction
Relief Act, 42 Pa.C.S.A. §9541 et. seq.  After the initial
petition was filed, the petitioner filed supplementals to his
PCRA Petition on April 14, 2004; April 23, 2004; May 4, 2004;
and May 19, 2004.  On May 27, 2004, the trial court appointed
counsel to assist petitioner on his PCRA and that same counsel,
William Hathaway, Esquire, filed a No Merit Letter on May 30,
2004 and asked permission to withdraw as counsel.  On June
28, 2004, the trial court granted Atty. Hathaway's Petition
to Withdraw and indicated intent to dismiss the PCRA Petition
without a hearing.  The petitioner filed an objection to this
Order on July 6, 2004, to which the trial court granted the
petitioner an additional thirty (30) days to challenge the
proposed dismissalon July 9, 2004.  The petitioner filed two
(2) more supplementals to his PCRA on July 14, 2004 and July
19, 2004.  On July 20, 2004, the trial court denied the defen-
dant's PCRA Petition.  On July 29, 2004, the petitioner filed
a timely appeal of that Order.  Thie appeal was denied on
February 9, 2005 by the Pennsylvania Superior Court.

**Cognizable Claims in Federal Habeas Corpus Proceedings**

A state prisoner may seek Federal Habeas relief only if
he is in custody in violation of the United States Constitution
or federal law.   28 U.S.C. §2254(a), <u>SMITH v. PHILLIPS,</u> 455
U.S. 209 (1982); <u>GRESCHWELT v. RYAN</u>, 967 F.2d 877 (3rd Cir.
1992) cert denied 506 U.S. 977 (1992).

Under 28 U.S.C. §2254(d), a Federal Court must not grant
an application for Writ of Habeas Corpus with respect to stat
court proceedings inless the state court decision was contrary
to, or involved an unreasonable application of, clearly estab-
lished federal law as determined by the Supreme Court of the
United States or resulted in a decision that was based on an
unreasonable determination of the facts in light of the evidence
presented in the State Court proceeding.

In this case, the petitioner has raised adequately explained
claims for this Honorable Court to review, pursuant to, <u>Smith</u>
and <u>Geshwelt</u>, supra.   THEREFORE, the merits of the petitioner's
claim should be ruled upon by this Court pursuant to 28 U.S.C.
§2254 (d) and an application for writ of Habeas Corpus with
respect to the state court proceedings must be granted.

## Objection to Procedural Default and the Basis
## of Suppression of Knife and Backpack

1)       The petitioner Respectfully avers that the issues he has raised to this Honorable Court are not procedurally default pursuant to <u>Coleman v. Thompson, 501 U.S. 722, 750 (1991)</u>. The issue of ineffective counsel serves as the basis for this, as in the vane of the petitioner being forced to proceed on direct appeal with counsel that was requested by the petitioner to be removed. On May 22, 2003, the petitioner filed a Motion for Leave of Counsel to Withdraw pursuant to Rule 302. On May 27, 2003, the trial court denied said motion stating "...the defendant does not have the right to counsel of his choice." despite counsel being paid for by the petitioner. The trial court objected and denied the petitioner his right to counsel. From May 22, 2003 onward, a conflict existed between counsel and client. Abuse of discretion by the trial court is also visible. Pursuant to <u>U.S. v. Gonzales-Lopez, 399 F.3d 924 (8th Cir. 2005)</u>, the petitioner could accept different counsel of his choice because he paid for it and new counsel would not obstruct court proceedings. SEE also <u>Com. v. Hess 617 A.2d 307, 532 PA 607</u>; <u>Com v. Rucker, 761 A.2d 541 (2000)</u>; <u>Com v. Ellis, 581 A.2d 595 (Pa Super. 1996)</u>

The petitioner must be allowed to seek counsel of his choice when he is furnishing payment because "It is the petitioner who must suffer the consequences in the end." <u>Faretta v. Calif., 422 U.S. 806, 819, 95 S.Ct. 2525, 45 L.ED.2d 562 (1975)</u>. SEE also <u>Com. v. Padden, 783 A.2d 299 (Pa 2001)</u>.

Atty. Brown then filed a direct appeal without consulting any issue with the petitioner. The direct appeal was denied. This demonstration of ineffective counsel satisfies <u>Edwards v. Carpenter, 529 U.S. 446, 451 (2000)</u>, "...cause for the default and actual prejudice as a result of the alleged violation of Federal Law...", as well as <u>Mccleskey v. Zant, 499 U.S. 467, 493 (1991)</u>; <u>Murray v. Carrier, 477 U.S. 478, 488 (1986)</u>.

The basis for the petitioner requesting suppression of the backpack and knife is because, although the knife was only admitted as demonstrative evidence, its prejudicial effect significantally outweighs its probative value. This severely inflamed the passions and the prejudices of the jury. Had counsel

-1-

performed adequately and filed properly the Motion to Suppress, then there is a very stron possibility that the outcome would have been different. Unfortunately, counsel filed a suppression motion that any adequate counsel would have known was frivolous and destine to fail. However, had counsel filed to the correct court, in a timely manner, the suppression motion arguing relevancy, then the outcome of the case would have arguably been different. Counsel filed the suppression motion to challenge the legallity of the search and seizure to the wrong judge at that. Furthermore, pursuant to Pa.R.E. 403 and F.R.E. 403, "Although relevant, evidence may be excluded, if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.", Pa.R.E. 403. SEE Commonwealth v. Boyle, 498 Pa. 486, 447 A.2d 250 (1982). F.R.E. 403, ":Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice..." SEE Morrison v. Commonwealth, Dept. of Public Welfare, 538 Pa. 122, 646 A.2d 565 (1994).

As far as the backpack that was voluntarily sybmitted two (2) days later; had counsel properly filed as above discussed, then the issue of the backpack possibly being altered in appearance, condiditon, and content could have also, very arguably, changed the outcome of the case. But strictly because counsel failed to preform effectively, the backpack was submitted as evidence for the jury to consider.

## The Prosecution Failed to Prove Element(s) of Crime(s)

2)    At the conclusion of trial, the fact that the robbery was never completed became known to the jury. Hence, the argument by the petitioner that the conviction for robbery should have been a conviction for attempted robbery pursuant to Com. v. Cardona, 463 A.2d 11, 316 Pa.Super.381 Super (1983), "[The] proper remedy when verdict is against weight of evidence is for defendant to be given new trial; However, when evidence is insufficient to support verdict, defendant is entitled to have charges against him dismissed outright.".

In the commition of a crime, if the attempt to committ is detoured, then it logically would become an attempt to commit

-2-

the crime intended.   Therefore, a conviction for actually completing an attempted crime, when it was never completed is unlawful.

As a result, the trial court's failure to charge the jury with the possibility to convict on attempted robbery must be viewed in the same light as a trial court's failure to charge a jury with constructive possesion in a drug case where the defendant was not actually found in possesion of the drugs that he or she is charged with.

Hence, the prosecution has failed to meet its burden of proof beyond a reasonable doubt, by not being able to prove the completion of the attempted robbery.

## Proof Of Conspiracy

The petitioner avers that the prosecution clearly did not present proof of conspiracy.   The only evidence offered was the testimony of the victim.   Even with this, no identification of a co-conspirator was acheived.  Although there were two(2) defendants in this case, only the petitioner was identified. His co-defendant was not.   The record will clearly reflect that the only identification, of the petitioner's co-defendant was deemed inadmissable for the prosecution's failure to disclose which is a clear violation of Brady v. State of Maryland, 373 U.S. 83 (1963).  As such, no identification was obtained.  And, as the record will reflect, even the prosecutor knew that the petitioner's co-defendant was only identified because "He's sitting right next to Mr. Rollie." (N.T.T. p.16 הי)

Pursuant to U.S. v. Schramm, 75 F.3d 156 (3rd Cir. 1996), the court held, "As we have said the essence of a conspiracy is an agreement, U.S. v. Kelly, 892 F.2d 255, 258 (3rd Cir. 1989). The goal or goals of the agreement are THEREFORE essential elements of the crime of conspiracy itself."

Thus, where the prosecution cannot identify a co-defendant as a co-conspirator, it cannot prove conspiracy.

-3-

## Bias and Prejudiced Jury

3)      The petitioner avers that he was not tried by a jury of his
peers.    The jury was composed of twelve (12) caucasion jurrors.
The petitioner feels his jury was not comprised from a cross section
of his community.  In the available jury pool, only one (1) african-
american was available to be a juror.   The prosecution immediately
struck that person.   Erie, Pennsylvania has a pcpulation of almost
two hundred thousand (200,00) people.   For only one (1) african-
american to be available to be a potential juror suggests a
"possibility for discrimination".    Then, for the prosecution to
immediately strike that person, compounds this suggestion.

    The petitioner feels that the lack of adequate racial group
members initially called for jury service is significant to his
claim that he was not tried by a jury of his age or race.  Castenda
v. Partida, 430 U.S. 482, 494-495, 97 S.Ct. 1272, 1280, 51 L.E.D.2d
498 (1977).   Then, pursuant to Hernandez v. Texas, 347 U.S., at
672-673, the existence of a "possibility of discrimination" was
undoubtedly present.

    Due to the fact that the defendant and his attorney were the
only african-americans in the entire courtroom during trial, a
panel of all white jurors could reasonably be inferred to be bias
toward not only the defendant, but also his counsel; as well as
the defense chosen, merely because of race.  Pursuant to Taylor
v. Louisiana, 419, U.S. 522, 95 S.Ct. 692, 42 L.E.D.2d 690 (1975),
the petitioner was denied a fair trial amongst a jury of his peers.
SEE also, Arlington Heights v. Metropolitan Housing Developement
Corp., 429 U.S., at 266, 97 S.Ct., at 504.

    The petitioner avers that this claim does not lack sufficient
merit and deserves to be ruled on by this Honorable Court, Prusuant
to, Miller-El v. Cockrell, U.S., No. 01-7662 (2003), where:

    "Petitioner must make 'substantial showing' of constitutional
    violations or denial of constitutional rights."
The petitioner has done so pursuant to Miller, supra,

    "In ruling that petitioner's claim lacked sufficient merit
    to justify appellate proceedings, that court recited the requir-
    ments for granting a writ under §2254, which it interpreted
    as requiring petitioner to prove that the state court decision
    was objectively unreasonable by clear and convincing evidence.
    This was too demanding a standard because it incorrectly merged
    the clear and convincing evidence standard of §2254(E)(1),

"and the unreasonableness requirement of §2254(D)(2)."

SEE also, <u>Purkett v. Elem, 514 U.S. 765, 768 (per curiam)</u>, <u>Swain v. Alabama, 380 U.S. 202; Slack v. McDaniel, 529 U.S. 473; Alexander v. Louisiand, 405 U.S. at 632, 92 S.Ct., at 1226; Whitus v. Georgia, 385 U.S., at 550, 87 S.Ct., at 646-647; Batson v. Kentucky, 106 S.Ct. 1712 (1986); Strouder v. West Virginia, 10 OTTO 303, 100 U.S. 303, 25 L.E.D. 664 (1880)</u>.

The petitioner's argument is, that by not fairly deriving a jury pool of the surrounding community, the prosecution, very cleverly, discriminated against the petitioner, and compounded this by striking the only black person called to jury duty, simultanously making it appear to be a "luck of the draw" situation. The reality is that this is unadultered discrimination. This claim must be heard.

### Ineffective Counsel:   Abuse of Discretion

4)   The petitioner finally avers that he recieved ineffective counsel. As previously discussed, Attorney Brown improperly and untimely filed a meritless Motion to Suppress the backpack and knife. This is just one example of the level of ineffectivness of his work. During the trial, Atty. Brown proceeds to make an absolutely irreprehensile comment about a Commonwealth witness in front of the jury. The trial court called both attornies to sidebar, and repremanded Atty. Brown, as well as giving him a fine. What Attorney Brown did was to state in front of the jury that a witness had a past criminal record, when that was not true. The prosecution, at sidebar, moved for a mistrial and the judge declined saying that if he granted a mistrial, the petitioner would "walk free", and would be protected by the double jeopardy clause. The prosecutor argued, "Had I done this to the defendant...you would have immediately granted a mistrial." (N.T. p.64-71). Attorney Brown's conduct not only prejudiced the jury for the prosecution, but also for the defense. His actions harassed the witness, unlawfully attacked the witness' credibility, disrupted the trial severely and permanently damaged any credible view of the defense, including the petitioner, held by the jury, and destroyed every ounce of trust the petitioner had in counsel's ability to adequately represent his interests. In doing so, counsel rendered ineffective assistance of counsel.

For the trial court to refuse to grant a mistrial because the defendant would "walk free" is an abuse of discretion. Due

to the fact that the trial court, the prosecution, and the defense all know that mere jury instructions are not a sufficient remedy. The trial court's comments also display a bias perspective concerning the petitioner.

Pursuant to <u>Chanthavong v. Tran, 682 A.2d 334, 452 Pa.Super 378 (1996)</u>:

"Trial court abuses its discretion when it misapplies law when it reaches manifestly unreasonable, biased, or prejudiced results.".

As previously discussed, trial court refused to allow the petitioner to obtain counsel of his choice despite counsel of record being paid for and not appointed. Also, pursuant to <u>Com v. Grazier, 713 A.2d 81 (Pa 1998)</u>, the trial court abused its discretion by failing to conduct an open court colloquy to determine the petitioner's right to remove Attorney Brown.

Hence, the petitioner is now seeking relief in this Honorable Court for the injustices contained herein. Petitioner whole-heartedly believes his claims have been exhausted in state litigation and therefore turns here.

## Conclusion

WHEREFORE, the petitioner ever prays that his issues will be heard on their merits and the relief sought will be granted.


                                        Respectfully Submitted,



                                        Henry Rollie

## CERTIFICATE OF SERVICE

I hereby certify that I am on this day serving a true and correct copy of the Petitioner's Objection to Report and Recommendations of Judge Susan J. Baxter in the previously captioned matter, upon the person and in the manner iddicated below, which service satisfies the requirements of Pennsylvania Rules of Appellate Procedure.

Services by First Class Mail:

Clerk's Office
UNITED STATES DISTRICT COURT
P.O. Box 1820
Erie, Pennsylvania  16507


Roger M. Bauer, Esq.
Asst. District Attorney
Erie County Courthouse
140 West 6th Street
Erie, Pennsylvania  16501


Henry Teroil Rollie, GU-0341
P.O. Box 256
Waymart, Pennsylvania  18472

## VERIFICATION

I, Henry Rollie, pro se, relator, do hereby certify that the information contained herein is true and correct and complete to the best of my personal knowledge, information and belief.  I understand that all false statements made herein are subject to the penalties of 18 Pa. C.S.A. §4904, relating to the unsworn falsifications to authorities.


Date: 11-6-06                              Respectfully Submitted,

                                           Henry Rollie
                                           Henry Rollie, pro se

being that your Rules says don't use TAPE or staples for the brief you cant get paper clips in this JAil they wont give them to inmats so enclosed is one stapled letter to the Judge And one brief objection to Magistrate Judge with no staples in it or tape couldn't get paper clip or binder

Henry Rallie
CV-00132-Erie