This is a letter to the Honorable Judges

CV-00132-ERIE — SJM-SPB

Due to the local rules of your Court which prevent the applicant from adding additional pages or altering the §2254 Federal Habeas Corpus Application, Petitioner was unable to fully develope and present his issues adequately.

Petitioner submitted only general claims on his application due to the limited space provided and the local rules of §2254.

Petitioner is unlearned, unlettered, and unskilled in the law, and lacks the ability to fully draft, develope, and present his claims to the court and did file many motions for Your Honorable Court to appoint counsel, and these motions were denied.

Petitioner was waiting on Your Honorable Court to set a brief date so he adequately file his brief to your Court. As to remind you that Petitioner just recieved his transcript notes in August of 2005, after your Court had ordered them. Had Your Honorable Court provided a brief date to the Petitioner, Petitioner would have had a chance to file a proper brief, fully detailing claims, arguments, and citations. However, your Court has never given Petitioner the chance to draft a brief.

Petitioner was only following the Rules of Court. Had the petitioner filed a brief with his §2254 application, he would not have been following the procedures of §2254. Petitioner deserves a fair Habeas Corpus proceeding and should not be held responsible for following the local rules of §2254 by not adding pages or altering the §2254 Federal Habeas Corpus Application

Petitioner has constitutional claims that need to be reviewed on their real merits, not boiler plate allegations. The only way the petitioner can demonstrate its federal violation is with the leave of this Honorable Court to allow him to prepare a brief and attach exhibits which are the facts that will substantiate each constitutional violation.

The prosecutor was afforded the opportunity to submit an answer in brief form. Petitioner should be in no way penalized for complying with the local rules. This Honorable Court was aware that Petitioner was pro se, and/or the only way to submit a brief was for Petitioner to be informed, alerted, and/or granted the opportunity to submit a

Habeas Corpus petition.

Petitioner's life and liberty are at stake.  He wasn't afforded a fair pre-trial, trial, and appellate process, and, if this Honorable Court does not reconsider, to submit a brief, grant an Evidentiary Hearing, or a Certificate of Appealability.

Petitioner will ramain in custody, in violation of the United States Constitution.  Petitioner states to this Honorable Court that he never had a chance to fully draft a brief to the Honorable Superior Court due to the fact that Court of Common Pleas in Erie County Pennsylvania would never grant his motions for transcripts when he was proceeding pro-se in said court.

Petitioner claims that this would be his first opportunity to adeqately file a fully drafted brief including the transcript notes that prove his claims.

Petitioner prays and hopes that Your Honorable Court reconsider its order and grant him the right to file a fully drafted brief to protect his claims.



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


## FORMAL REQUIREMENTS AND PROCEDURES IN
## HABEAS CORPUS PROCEEDINGS UNDER 28 U.S.C. §2254


1.  Proceedings for habeas corpus relief under 28 U.S.C. §2254 shall be in accordance with the Rules promulgated with respect to such proceedings by the Supreme Court and modified by the Congress by P.L. 94-426 and P.L. 94-577, effective February 1, 1977, as amended, and with the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132.

2.  All petitions in habeas corpus proceedings must be in substantially the form prescribed by the court (and must comply with the instructions included therein), copies of which shall be made available by the Clerk upon request.

3.  THERE ARE LIMITATIONS ON YOUR ABILITY TO FILE A HABEAS CORPUS PETITION, AND THERE MAY BE DECISIONS YOU MUST MAKE:

    a.  All available state court remedies must be exhausted before filing a federal habeas corpus petition. (However, if a prisoner files such a petition before all available state remedies are exhausted, a federal court still has the authority to dismiss it on its merits).

    b.  All federal constitutional claims challenging a specific conviction or sentence must be made in one habeas corpus petition.

    c.  Typically, only one federal habeas corpus petition may be filed. A second or subsequent petition can only be filed upon the authorization of the Court of Appeals.

    d.  A habeas corpus petition must be filed within one year of the date the judgment under attack became final.

    THEREFORE, because generally only one habeas corpus petition may be filed, a petitioner must:

    a.  consider whether all state remedies have been exhausted;

    b.  consider whether all federal constitutional claims are included in the petition; and

    c.  be conscious of the risk that if a petition is filed and

(1)    This petition must be legibly handwritten or typewritten and signed by the petitioner. Any false statement of a material fact in this petition or in a motion for leave to proceed in forma pauperis may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form. It is important that the docket number of the case under review is correctly stated. Where more room is needed to answer any question, use reverse side of form.

(2)    Additional pages are not permitted. No citation of authorities need be furnished.

(3)    Upon receipt of a fee of $5.00 your petition will be filed if it is in proper order.

(4)    If you do not have the necessary filing fee, you may request permission to proceed in forma pauperis, in which event you must execute the accompanying Motion and Declaration, setting forth information establishing your inability to prepay the fee and costs or give security therefor. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal insti-tution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the insti-tution.

(5)    Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6)    You can file only one habeas corpus petition in federal court challenging a specific conviction or sentence. You must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7)    Similarly, you should be careful to state specifically, in question 13, all the facts that support all the grounds for relief that you are claiming. Because of the one-year statute of limitations you may not have the chance to amend your petition to plead new or additional facts. And even if the court grants you permission to amend to plead additional facts, you may not be allowed to make any amendments that introduce a new ground or a new claim or a new theory into the case. So you must state all your grounds for relief and all the facts that support them in this petition.

(8)    The law requires that as to all issues which you seek to raise in the federal district court you must first have exhausted all available state court remedies. This means that if you are a Pennsylvania prisoner, it is likely that every issue which you seek to raise in this court, must have been unsuccessfully presented to the Superior Court of Pennsylvania, and to the Supreme Court of Pennsylvania in a petition for allowance of appeal, or else have been presented directly to the Pennsylvania Supreme Court.

is dismissed on its merits, no other petition can be filed challenging that conviction without the permission of the Court of Appeals.

4. The original petition in habeas corpus proceedings shall be filed with the Clerk. Four copies shall also be filed with the clerk for the following parties: 1) head of the institution where the prisoner is confined; 2) District Attorney of the County of Pennsylvania in which sentence was imposed or in which the petitioner is being held; 3) Attorney General of the Commonwealth of Pennsylvania; 4) any other person named as a party respondent in said proceeding.

5. The District Attorney, or an assistant, of the County where the petitioner was sentenced or is being held shall represent and appear for respondent in cases challenging state court convictions, sentences or other orders. The Attorney General of Pennsylvania generally will represent and appear for the Board of Probation and Parole when it is the proper respondent.