Henry T. Rollie   #GU-0341
P.O. Box 256
Waymart, PA  18472

United States Court of Appeals
For the Third Circuit
U.S. Courthouse
601 Market Street, Rm. 21400
Philadelphia, PA  19106-1790
**Clerk Marcia M. Waldron**

Re:  Henry T. Rollie v. Raymond Colleran
     Civil Action No. 05-132Erie


    Please find enclosed: **Notice of Appeal** to the United States Court
of Appeals for the Third Circuit from the final judgement from an
**Order** issued by the United States District Court. Please file of
record in the matter referenced above.



                         Sincerely,


                         Henry Rollie




                    **FILED**

                 [...] 0 6 2006

              CLERK [...]

## In the United States Court Of Appeals for the
## Third District of Pennsylvania

| | | |
|---|---|---|
| Henry T. Rollie, | : | Civil Action No. 05-132 Erie |
| Plaintiff | : | |
|       v. | : | **Notice of Appeal** |
| Raymond Colleran, et. al., | : | |
| Defendants | : | |

DEC - 6 2006

    Notice is hereby given that the plaintiff, in the above named case, hereby appeals to the United States Court of Appeals for the Third Curcuit, from the final judgement from an Order issued by the United States District Judge Sean J. McLaughlin and Magistrate Judge Susan Paradise Baxter, denying Plaintiff's §2254 **Writ of Habeas Corpus Petition**.

Respectfully Submitted,


Henry Rollie

## Verification

I, the undersigned, verify that the above statements are true
and correct, and that any false statements herein are made subject
to **18 P.A.C.S.A. §4904** relating to unsworn falsification to authorities.


Date: _____                    Signed: _____

                                             Henry Rollie

## Proof of Service

I hereby certify that on _____, I served a copy of this **Notice of Appeal** upon the persons involved in this matter indicated below.

## Service by First Class Mail

United States District Court          Cheif United States Magistrate Judge
Western District of Pennsylvania      Susan Paradise Baxter
Judge Sean J. McLaughlin              17 South Park Row, Room A280
17 South Park row, Room A250          Erie, PA  16501
Erie, PA  16501


Roger M. Bauer
Offise of the District Attorney
Erie County Courthouse
140 West 6th Street
Erie, PA  16501


Date:_____          Signed:_____

                                    Henry Rollie

## Application for
## Certificate of Appealability

In this present application for a certificate of appealability, Petitioner demonstrates and/or shows the denial of a constitutional right as relative to this case.

DEC - 6 2006

Under 28 U.S.C.A. §2253 (c)(2) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a certificate of appealability may be issued only if the applicant has made a substantial showing of the denial of a constitutional right. Pursuant to this standard, a petition must show, "that reasonable jurists would find the District Court's assessment of the constitutional claims debatable or wrong". **Simms V. Carrol**, 2006 WL 1523053, 2D. Del.(2006), citing **28 U.S.C.A. §2253 (c)(2)**; **Slack v. McDaniel**, 529 U.S. 473, 484 S.Ct. 1595, 196 L.Ed. 2d 542 (2000)

Moreover, the substantial showing language is nearly identical that to that set forth by the Supreme Court of the United States in **Barefoot v. Estelle**, 103 S.Ct. 3383 (1983), which required a substantial showing of the denial of a federal right. ID. (emphasis added), "An issue is considered to meet the "substance" requirement if it is such that is controversial in that it is of legally debatable signifigance which justifies additional examination.". **Barefoot v. Estelle**, 103 S.Ct. 3383 (1983)

Further, each claim as to which a petitioner wishes to institute on appeal, must be scrutinized in accordance with that standard and a court must specify which issues may be entertained on appeal. Issuance of a C.O.A. is jurisdictional in that, as this court has said, it serves to define the court's subject-matter jurisdiction in a given case. See **U.S.C. §2253 (c)(3)**, where, "The Certificate of Appealability... shall indicate which specific issue or issues satisfy the showing required...", and **Morris v. Horn**, 187 F.3d 333, 339 (3rd Cir. 1999).

Although there are a number of circumstances under this standard for the granting of a Certificate of Appealability, Petitioner has comprehensively and properly pled in this

application the circumstances known to him. Therefore, since the petitioner has met the requirements as set forth in **28 U.S.C §2253 (c)(2),** a Certificate of Appealability should be issud.

See Constitutional Violations Appendix (A)

DEC - 6 2006

**APPENDIX A**

<u>Table of Contents</u>

TABLE OF CITATIONS                                              I

PROCEDURAL HISTORY                                             II

COGNIZABLE CLAIMS IN FEDERAL HABEAS CORPUS PROCEEDINGS        III

PROCEDURAL DEFAULT AND BASIS OF SUPRESSION
OF KNIFE AND BACKPACK                                          1

THE PROSECUTION FAILED TO PROVE ELEMENT(S) OF CRIMES          2

PROOF OF CONSPIRACY                                            3

BIAS AND PREJUDICED JURY                                       4

INEFFECTIVE COUNSEL:  ABUSE OF DISCRETION                     5

CONCLUBION                                                     6

## Table of Citations

SMITH v. PHILLIPS, 455 U.S. 209 (1982) iii

GESCHWELT v. RYAN, 967 F.2d 877 (3rd Cir. 1992) cert. denied 506 U.S. 977 (1992) iii

COLEMAN v. THOMPSON, 501 U.S. 722, 750 (1991)  p.1

U.S. v. GONZALES-LOPEZ, 399 F.3d 924 (8th Cir. 2005)  p.1

COM. v. HESS, 617 A.2d 307, 532 Pa. 607  P.1

COM. v. RUCKER, 761 A2.d 541 (2000)  p.1

COM. v. ELLIS, 581 A.2d 595 (Pa.Super. 1996)  p.1

FARETTA v. CALIF., 422 U.S. 806, 819, 95 S.Ct. 2525, 45 L.E.D.2d 562 (1975)  p.1

COM. v. PADDEN, 783 A.2d 299 (Pa. 2001) p.1

EDWARDS v. CARPENTER, 529 U.S. 446, 451 (2000)  p.1

McLESKEY v. ZANT, 499 U.S. 467, 493 (1991)  p.1

MURRAY v. CARRIER, 477 U.S. 478, 488 (1986)  p.1

COM v. BOYLE, 498 Pa. 486, 447 A.2d 250 (1982)  p.2

MORRISON v. COM. DEPT.OF PUBLIC WELFARE, 538 Pa. 122, 646 A.2d 565 (1994)  p.2

COM. v. CARDONA, 463 A.2d 11, 316 Pa.Super. 381 Super (1983)  p.2

BRADY v. STATE OF MARYLAND, 373 U.S. 83 (1963)  p.3

U.S. v. SCHRAMM, 75 F.3d 156 (3rd Cir. 1996)   p.3

U.S. v. KELLY, 892 F.2d 255, 258 (3rd Cir.1989)  p.3

CASTENDA v. PARTIDA, 430 U.S. 482, 494-495, 97 S.Ct. 1272, 1280, 51 L.E.D.2d 498 (1977)  p.4

HERNANDEZ v. Texas, 347 U.S. at 672, 673  p.4

TAYLOR v. LOUISIANA, 419 U.S. 522, 95 S.Ct. 692, 42 L.E.D.2d 690 (1975)  p.4

ARLINGTON HEIGHTS v. METROPOLITAN HOUSING DEVELOPEMENT CORP., 429 U.S. at 266, 97 S.Ct., at 504   p.4

MILLER-EL v. COCKRELL, U.S. No. 01-7662 (2003)  p.4

PURKETT v. ELEM, 514 U.S. 765, 768 (per curiam)  p.5

SWAIN v. ALABAMA, 380 U.S. 202  p.5

SLACK v. McDANIEL, 529 U.S. 473  p.5

ALEXANDER v. LOUISIABA, 405 U.S. at 632, 92 S.Ct. at 1226  p.5

WHITUS v. GEORGIA, 385 U.S. at 87 S.Ct. at 646-647  p.5

BASTON v. KENTUCKY, 106 S.Ct. 1712 (1986  p.5

STROUDER v. WEST VIRGINIA, 10 OTTO 303, 100 U.S. 303, 25 L.E.D.2d 664 (1880)  p.5

CHANTHAVONG v. TRAN, 682 A.2d 334, 452 Pa.Super. 378 (1996)  p.6

COM. v. GRAZIER, 713 A.2d 81 (Pa. 1998)  p.6

## Procedural History

The petitioner, Henry Teroil Rollie, was charged at Docket
Number 2840 of 2002 with Criminal Conspiracy to commit Aggravated
Assault, a felony of the first degree; Criminal Conspiracy to
commit Robbery, a felony of the first degree; Simple Assault,
a misdemeanor of the second degree; Terroristic Threats, a
misdemeanor of the first degree; Possessing Instruments of
Crime, a misdemeanor of the first degree; Aggravated Assault,
a felony of the first degree; and Robbery, a felony of the first
degree.  On January 31, 2003, Attorney Brown filed a Motion
to Suppress with the Court of Common Pleas.  The Honorable Judge
Anthony granted a Rule to Show Cause on February 3, 2003.  On
February 24, 2003, Judge Anthony cancelled the Rule to Show
Cause because he was not the assigned judge in the case.  On
February 27, 2003, Atty. Brown filed a Motion to Supress in
fornt of the proper judge, the Honorable Ernest DiSantis.  On
February 27, 2003, the Motion to Supress was denied by Judge
DeSantis.  On March 4, 2003, Atty. Brown asked for reconsider-
ation of the Suppression Motion denial and on March 13, 2003,
at the time of trial, the court denied its motion to reconsider
suppression.

After a jury trial, the defendant was found guilty on
March 17, 2003 to the following counts:  Count 1, Criminal
Conspiracy to commit Aggravated Assault; Count 3, Simple Assault
Count 5, Terroristic Threats; Count 6, Possessing Instruments
of Crime; Count 7, Aggravated Assault; and Count 8, Robbery.
Count 2, Criminal Conspiracy to commit Robbery was consolidated
with Count 1 and Count 4, Reckless Endangering, was withdrawn
by the Court as being superflurious.  On May 1, 2003 the
petitioner was sentenced to an aggregate sentence of 120 to
240 months of incarceration.  On May 12, 2003, the petitioner
filed a timely post-sentenc motion, which was denied by the
trial court on May 13, 2003.  On June 2, 2003, the petitioner
filed a Notice of Appeal.  In his Notice of Appeal, the defendant
raised numerous issues, including the following:

1. Did the trial court error in denying a Suppression
Hearing on the knife?

2. Did the trial court error in denying a Suppression
Hearing on the backpack?

3. Did the trial court error in denying the supres-

11

    3.    -sion of a photo lineup as unduly suggestive?
    4.    Did the trial court error in admitting the knife
          as demonstrative evidence?
    5.    Was there prosecutorial misconduct when the
          prosecutor wished the jurors a happy St. Patrick's
          Day at the beginning of closing argument?

On appeal, the Pennsylvania Superior Court found only two
(2) issues raised by the petitioner:

    1.    Is the defendant prejudiced when the Commonwealth
          makes religious statements in its closing argument?
    2.    In criminal proceedings, does an exhibit claimed
          to be demonstrative have to be reasonably related
          to the crime?

On March 23, 2004, the Superior Court denied the peti-
tioner's appeal and affirmed the judgement of sentence.

On April 13, 2004, the petitioner filed a timely request
for Post-Conviction Relief under Pennsylvania's Post-Conviction
Relief Act, 42 Pa.C.S.A. §9541 et. seq.  After the initial
petition was filed, the petitioner filed supplementals to his
PCRA Petition on April 14, 2004; April 23, 2004; May 4, 2004;
and May 19, 2004.  On May 27, 2004, the trial court appointed
counsel to assist petitioner on his PCRA and that same counsel,
William Hathaway, Esquire, filed a No Merit Letter on May 30,
2004 and asked permission to withdraw as counsel.  On June
28, 2004, the trial court granted Atty. Hathaway's Petition
to Withdraw and indicated intent to dismiss the PCRA Petition
without a hearing.  The petitioner filed an objection to this
Order on July 6, 2004, to which the trial court granted the
petitioner an additional thirty (30) days to challenge the
proposed dismissalon July 9, 2004.  The petitioner filed two
(2) more supplementals to his PCRA on July 14, 2004 and July
19, 2004.  On July 20, 2004, the trial court denied the defen-
dant's PCRA Petition.  On July 29, 2004, the petitioner filed
a timely appeal of that Order.  This appeal was denied on
February 9, 2005 by the Pennsylvania Superior Court.

### Cognizable Claims in Federal Habeas Corpus Proceedings

A state prisoner may seek Federal Habeas relief only if he is in custody in violation of the United States Constitution or federal law.  28 U.S.C. §2254(a), <u>SMITH v. PHILLIPS,</u> 455 U.S. 209 (1982); <u>GRESCHWELT v. RYAN</u>, 967 F.2d 877 (3rd Cir. 1992) cert denied 506 U.S. 977 (1992).

Under 28 U.S.C. §2254(d), a Federal Court must not grant an application for Writ of Habeas Corpus with respect to stat court proceedings inless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

In this case, the petitioner has raised adequately explained claims for this Honorable Court to review, pursuant to, <u>Smith</u> and G<u>eshwelt</u>, supra.  THEREFORE, the merits of the petitioner's claim should be ruled upon by this Court pursuant to 28 U.S.C. §2254 (d) and an application for writ of Habeas Corpus with respect to the state court proceedings must be granted.

## Objection to Procedural Default and the Basis
## of Suppression of Knife and Backpack

1)    The petitioner Respectfully avers that the issues he has raised to this Honorable Court are not procedurally default pursuant to Coleman v. Thompson, 501 U.S. 722, 750 (1991). The issue of ineffective counsel serves as the basis for this, as in the vane of the petitioner being forced to proceed on direct appeal with counsel that was requested by the petitioner to be removed. On May 22, 2003, the petitioner filed a Motion for Leave of Counsel to Withdraw pursuant to Rule 302. On May 27, 2003, the trial court denied said motion stating "...the defendant does not have the right to counsel of his choice." despite counsel being paid for by the petitioner. The trial court objected and denied the petitioner his right to counsel. From May 22, 2003 onward, a conflict existed between counsel and client. Abuse of discretion by the trial court is also visible. Pursuant to U.S. v. Gonzales-Lopez, 399 F.3d 924 (8th Cir. 2005), the petitioner could accept different counsel of his choice because he paid for it and new counsel would not obstruct court proceedings. SEE also Com. v. Hess 617 A.2d 307, 532 PA 607; Com v. Rucker, 761 A.2d 541 (2000); Com v. Ellis, 581 A.2d 595 (Pa Super. 1996)

The petitioner must be allowed to seek counsel of his choice when he is furnishing payment because "It is the petitioner who must suffer the consequences in the end." Faretta v. Calif., 422 U.S. 806, 819, 95 S.Ct. 2525, 45 L.ED.2d 562 (1975). SEE also Com. v. Padden, 783 A.2d 299 (Pa 2001).

Atty. Brown then filed a direct appeal without consulting any issue with the petitioner. The direct appeal was denied. This demonstration of ineffective counsel satisfies Edwards v. Carpenter, 529 U.S. 446, 451 (2000), "...cause for the default and actual prejudice as a result of the alleged violation of Federal Law...", as well as Mccleskey v. Zant, 499 U.S. 467, 493 (1991); Murray v. Carrier, 477 U.S. 478, 488 (1986).

The basis for the petitioner requesting suppression of the backpack and knife is because, although the knife was only admitted as demonstrative evidence, its prejudicial effect significantally outweighs its probative value. This severely inflamed the passions and the prejudices of the jury. Had counsel

performed adequately and filed properly the Motion to Suppress,
then there is a very stron possibility that the outcome would
have been different.    Unfortunately, counsel filed a suppression
motion that any adequate counsel would have known was frivolous
and destine to fail.    However, had counsel filed to the correct
court, in a timely manner, the suppression motion arguing relevancy,
then the outcome of the case would have arguably been different.
Counsel filed the suppression motion to challenge the legallity
of the search and seizure to the wrong judge at that.    Furthermore,
pursuant to Pa.R.E. 403 and F.R.E. 403, "Although relevant,
evidence may be excluded, if its probative value is outweighed
by the danger of unfair prejudice, confusion of the issues,
or misleading the jury, or by considerations of undue delay,
waste of time, or needless presentation of cumulative evidence.",
Pa.R.E. 403.    SEE Commonwealth v. Boyle, 498 Pa. 486, 447 A.2d
250 (1982).    F.R.E. 403, ":Although relevant, evidence may be
excluded if its probative value is substantially outweighed
by the danger of unfair prejudice..." SEE Morrison v. Commonwealth,
Dept. of Public Welfare, 538 Pa. 122, 646 A.2d 565 (1994).

As far as the backpack that was voluntarily sybmitted two
(2) days later; had counsel properly filed as above discussed,
then the issue of the backpack possibly being altered in appearance,
condiditon, and content could have also, very arguably, changed
the outcome of the case.    But strictly because counsel failed
to preform effectively, the backpack was submitted as evidence
for the jury to consider.

### The Prosecution Failed to Prove Element(s) of Crime(s)

2)    At the conclusion of trial, the fact that the robbery was
never completed became known to the jury.    Hence, the argument
by the petitioner that the conviction for robbery should have
been a conviction for attempted robbery pursuant to Com. v.
Cardona, 463 A.2d 11, 316 Pa.Super.381 Super (1983), "[The]
proper remedy when verdict is against weight of evidence is
for defendant to be given new trial; However, when evidence
is insufficient to support verdict, defendant is entitled to
have charges against him dismissed outright.".

In the commition of a crime, if the attempt to committ
is detoured, then it logically would become an attempt to commit

-2-

the crime intended.  Therefore, a conviction for actually completing an attempted crime, when it was never completed is unlawful.

As a result, the trial court's failure to charge the jury with the possibility to convict on attempted robbery must be viewed in the same light as a trial court's failure to charge a jury with constructive possesion in a drug case where the defendant was not actually found in possesion of the drugs that he or she is charged with.

Hence, the prosecution has failed to meet its burden of proof beyond a reasonable doubt, by not being able to prove the completion of the attempted robbery.

### Proof Of Conspiracy

The petitioner avers that the prosecution clearly did not present proof of conspiracy.  The only evidence offered was the testimony of the victim.  Even with this, no identification of a co-conspirator was acheived.  Although there were two(2) defendants in this case, only the petitioner was identified. His co-defendant was not.  The record will clearly reflect that the only identification, of the petitioner's co-defendant was deemed inadmissable for the prosecution's failure to disclose which is a clear violation of Brady v. State of Maryland, 373 U.S. 83 (1963).  As such, no identification was obtained.  And, as the record will reflect, even the prosecutor knew that the petitioner's co-defendant was only identified because "He's sitting right next to Mr. Rollie." (N.T.T. p.16 ⁷ᴶ)

Pursuant to U.S. v. Schramm, 75 F.3d 156 (3rd Cir. 1996), the court held, "As we have said the essence of a conspiracy is an agreement, U.S. v. Kelly, 892 F.2d 255, 258 (3rd Cir. 1989). The goal or goals of the agreement are THEREFORE essential elements of the crime of conspiracy itself."

Thus, where the prosecution cannot identify a co-defendant as a co-conspirator, it cannot prove conspiracy.

### Bias and Prejudiced Jury

3)    The petitioner avers that he was not tried by a jury of his peers. The jury was composed of twelve (12) caucasion jurrors. The petitioner feels his jury was not comprised from a cross section of his community. In the available jury pool, only one (1) african-american was available to be a juror. The prosecution immediately struck that person. Erie, Pennsylvania has a population of almost two hundred thousand (200,00) people. For only one (1) african-american to be available to be a potential juror suggests a "possibility for discrimination". Then, for the prosecution to immediately strike that person, compounds this suggestion.

The petitioner feels that the lack of adequate racial group members initially called for jury service is significant to his claim that he was not tried by a jury of his age or race. Castenda v. Partida, 430 U.S. 482, 494-495, 97 S.Ct. 1272, 1280, 51 L.E.D.2d 498 (1977). Then, pursuant to Hernandez v. Texas, 347 U.S., at 672-673, the existence of a "possibility of discrimination" was undoubtedly present.

Due to the fact that the defendant and his attorney were the only african-americans in the entire courtroom during trial, a panel of all white jurors could reasonably be inferred to be bias toward not only the defendant, but also his counsel; as well as the defense chosen, merely because of race. Pursuant to Taylor v. Louisiana, 419, U.S. 522, 95 S.Ct. 692, 42 L.E.D.2d 690 (1975), the petitioner was denied a fair trial amongst a jury of his peers. SEE also, Arlington Heights v. Metropolitan Housing Developement Corp., 429 U.S., at 266, 97 S.Ct., at 504.

The petitioner avers that this claim does not lack sufficient merit and deserves to be ruled on by this Honorable Court, Prusuant to, Miller-El v. Cockrell, U.S., No. 01-7662 (2003), where:

"Petitioner must make 'substantial showing' of constitutional violations or denial of constitutional rights."

The petitioner has done so pursuant to Miller, supra,

"In ruling that petitioner's claim lacked sufficient merit to justify appellate proceedings, that court recited the requir-ments for granting a writ under §2254, which it interpreted as requiring petitioner to prove that the state court decision was objectively unreasonable by clear and convincing evidence. This was too demanding a standard because it incorrectly merged the clear and convincing evidence standard of §2254(E)(1),

-4-

"and the unreasonableness requirement of §2254(D)(2)."

SEE also, Purkett v. Elem, 514 U.S. 765, 768 (per curiam), Swain v. Alabama, 380 U.S. 202; Slack v. McDaniel, 529 U.S. 473; Alexander v. Louisiana, 405 U.S. at 632, 92 S.Ct. at 1226; Whitus v. Georgia, 385 U.S., at 550, 87 S.Ct., at 646-647; Batson v. Kentucky, 106 S.Ct. 1712 (1986); Strouder v. West Virginia, 10 OTTO 303, 100 U.S. 303, 25 L.E.D. 664 (1880).

The petitioner's argument is, that by not fairly deriving a jury pool of the surrounding community, the prosecution, very cleverly, discriminated against the petitioner, and compounded this by striking the only black person called to jury duty, simultaneously making it appear to be a "luck of the drae" situation. The reality is that this is unadultered discrimination. This claim must be heard.


## Ineffective Counsel:  Abuse of Discretion

4)    The petitioner finally avers that he recieved ineffective counsel. As previously discussed, Attorney Brown improperly and untimely filed a meritless Motion to Suppress the backpack and knife. This is just one example of the level of ineffectivness of his work. During the trial, Atty. Brown proceeds to make an absolutely irreprehensile comment about a Commonwealth witness in front of the jury. The trial court called both attornies to sidebar, and repremanded Atty. Brown, as well as giving him a fine. What Attorney Brown did was to state in front of the jury that a witness had a past criminal record, when that was not true. The prosecution, at sidebar, moved for a mistrial and the judge declined saying that if he granted a mistrial, the petitioner would "walk free", and would be protected by the double jeopardy clause. The prosecutor argued, "Had I done this to the defendant...you would have immediately granted a mistrial." (N.T. p.64-71). Attorney Brown's conduct not only prejudiced the jury for the prosecution, but also for the defense. His actions harassed the witness, unlawfully attacked the witness' credibility, disrupted the trial severely and permanently damaged any credible view of the defense, including the petitioner, held by the jury, and destroyed every ounce of trust the petitioner had in counsel's ability to adequately represent his interests. In doing so, counsel rendered ineffective assistance of counsel.

For the trial court to refuse to grant a mistrial because the defendant would "walk free" is an abuse of discretion. Due

to the fact that the trial court, the prosecution, and the defense all know that mere jury instructions are not a sufficient remedy. The trial court's comments also display a bias perspective concerning the petitioner.

Pursuant to Chanthavong v. Tran, 682 A.2d 334, 452 Pa.Super 378 (1996):

"Trial court abuses its discretion when it misapplies law when it reaches manifestly unreasonable, biased, or prejudiced results.".

As previously discussed, trial court refused to allow the petitioner to obtain counsel of his choice despite counsel of record being paid for and not appointed. Also, pursuant to Com v. Grazier, 713 A.2d 81 (Pa 1998), the trial court abused its discretion by failing to conduct an open court colloquy to determine the petitioner's right to remove Attorney Brown.

Hence, the petitioner is now seeking relief in this Honorable Court for the injustices contained herein. Petitioner whole-heartedly believes his claims have been exhausted in state litigation and therefore turns here.

## Conclusion

WHEREFORE, the petitioner ever prays that his issues will be heard on their merits and the relief sought will be granted.

Respectfully Submitted,

Henry Rollie

-6-

### CERTIFICATE OF SERVICE

I hereby certify that I am on this day serving a true and correct copy of the Petitioner's Objection to Report and Recommendations of Judge Susan J. Baxter in the previously captioned matter, upon the person and in the manner indicated below, which service satisfies the requirements of Pennsylvania Rules of Appelate Procedure.

Services by First Class Mail:

Clerk's Office
UNITED STATES DISTRICT COURT
P.O. Box 1820
Erie, Pennsylvania  16507

Roger M. Bauer, Esq.
Asst. District Attorney
Erie County Courthouse
140 West 6th Street
Erie, Pennsylvania  16501

Henry Teroil Rollie, GU-0341
P.O. Box 256
Waymart, Pennsylvania  18472

## VERIFICATION

I, Henry Rollie, pro se, relator, do hereby certify that the information contained herein is true and correct and complete to the best of my personal knowledge, information and belief.  I understand that all false statements made herein are subject to the penalties of 18 Pa. C.S.A. §4904, relating to the unsworn falsefications to authorities.


Date: 11-6-06                              Respectfully Submitted,


                                           Henry Rollie
                                           Henry Rollie, pro se

~~UNITED STATES DISTRICT COURT OF PENNSYLVANIA~~ This was A letter I sent to the united states
District court

CV-00132-ERIE - SJM - SPB

Due to the local rules of your Court which prevent the applicant from
adding additional pages or altering the §2254 Federal Habeas Corpus
Application, Petitioner was unable to fully develope and present his
issues adequately.

Petitioner submitted only general claims on his application due
to the limited space provided and the local rules of §2254.

Petitioner is unlearned, unlettered, and unskilled in the law,
and lacks the ability to fully draft, develope, and present his claims
to the court and did file many motions for Your Honorable Court to
appoint counsel, and these motions were denied.

Petitioner was waiting on Your Honorable Court to set a brief date
so he adequately file his brief to your Court. As to remind you that
Petitioner just recieved his transcript notes in August of 2005, after
your Court had ordered them. Had Your Honorable Court provided a brief
date to the Petitioner, Petitioner would have had a chance to file a
proper brief, fully detailing claims, arguments, and citations. However,
your Court has never given Petitioner the chance to draft a brief.

Petitioner was only following the Rules of Court. Had the petitioner
filed a brief with his §2254 application, he would not have been following
the procedures of §2254. Petitioner deserves a fair Habeas Corpus
proceeding and should not be held responsible for following the local
rules of §2254 by not adding pages or altering the §2254 Federal Habeas
Corpus Application

Petitioner has constitutional claims that need to be reviewed on
their real merits, not boiler plate allegations. The only way the
petitioner can demonstrate its federal violation is with the leave of
this Honorable Court to allow him to prepare a brief and attach exhibits
which are the facts that will substantiate each constitutional violation.

The prosecutor was afforded the opportunity to submit an answer
in brief form. Petitioner should be in no way penalized for complying
with the local rules. This Honorable Court was aware that Petitioner
was pro se, and/or the only way to submit a brief was for Petitioner
to be informed, alerted, and/or granted the opportunity to submit a

Habeas Corpus petition.

Petitioner's life and liberty are at stake.  He wasn't afforded
a fair pre-trial, trial, and appellate process, and, if this Honorable
Court does not reconsider, to submit a brief, grant an Evidentiary
Hearing, or a Certificate of Appealability.

Petitioner will ramain in custody, in violation of the United States
Constitution.  Petitioner states to this Honorable Court that he never
had a chance to fully draft a brief to the Honorable Superior Court
due to the fact that Court of Common Pleas in Erie County Pennsylvania
would never grant his motions for transcripts when he was proceeding
pro-se in said court.

Petitioner claims that this would be his first opportunity to
adeqately file a fully drafted brief including the transcript notes
that prove his claims.

Petitioner prays and hopes that Your Honorable Court reconsider
its order and grant him the right to file a fully drafted brief to protect
his claims.

Henry Raellie

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


FORMAL REQUIREMENTS AND PROCEDURES IN
HABEAS CORPUS PROCEEDINGS UNDER 28 U.S.C. §2254


1.    Proceedings for habeas corpus relief under 28 U.S.C. §2254
      shall be in accordance with the Rules promulgated with respect
      to such proceedings by the Supreme Court and modified by the
      Congress by P.L. 94-426 and P.L. 94-577, effective February 1,
      1977, as amended, and with the applicable provisions of the
      Antiterrorism and Effective Death Penalty Act of 1996, P.L.
      104-132.

2.    All petitions in habeas corpus proceedings must be in
      substantially the form prescribed by the court (and must
      comply with the instructions included therein), copies of
      which shall be made available by the Clerk upon request.

3.    THERE ARE LIMITATIONS ON YOUR ABILITY TO FILE A HABEAS CORPUS
      PETITION, AND THERE MAY BE DECISIONS YOU MUST MAKE:

      a.    All available state court remedies must be exhausted
            before filing a federal habeas corpus petition. (How-
            ever, if a prisoner files such a petition before all
            available state remedies are exhausted, a federal court
            still has the authority to dismiss it on its merits).

      b.    All federal constitutional claims challenging a specific
            conviction or sentence must be made in one habeas corpus
            petition.

      c.    Typically, only one federal habeas corpus petition may be
            filed. A second or subsequent petition can only be filed
            upon the authorization of the Court of Appeals.

      d.    A habeas corpus petition must be filed within one year of
            the date the judgment under attack became final.

      THEREFORE, because generally only one habeas corpus petition
may be filed, a petitioner must:

      a.    consider whether all state remedies have been exhausted;

      b.    consider whether all federal constitutional claims are
            included in the petition; and

      c.    be conscious of the risk that if a petition is filed and

(1)     This petition must be legibly handwritten or typewritten and signed by the petitioner. Any false statement of a material fact in this petition or in a motion for leave to proceed in forma pauperis may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form. It is important that the docket number of the case under review is correctly stated. Where more room is needed to answer any question, use reverse side of form.

(2)     Additional pages are not permitted. No citation of authorities need be furnished.

(3)     Upon receipt of a fee of $5.00 your petition will be filed if it is in proper order.

(4)     If you do not have the necessary filing fee, you may request permission to proceed in forma pauperis, in which event you must execute the accompanying Motion and Declaration, setting forth information establishing your inability to prepay the fee and costs or give security therefor. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal insti-tution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the insti-tution.

(5)     Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6)     You can file only one habeas corpus petition in federal court challenging a specific conviction or sentence. You must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7)     Similarly, you should be careful to state specifically, in question 13, all the facts that support all the grounds for relief that you are claiming. Because of the one-year statute of limitations you may not have the chance to amend your petition to plead new or additional facts. And even if the court grants you permission to amend to plead additional facts, you may not be allowed to make any amendments that introduce a new ground or a new claim or a new theory into the case. So you must state all your grounds for relief and all the facts that support them in this petition.

(8)     The law requires that as to all issues which you seek to raise in the federal district court you must first have exhausted all available state court remedies. This means that if you are a Pennsylvania prisoner, it is likely that every issue which you seek to raise in this court, must have been unsuccessfully presented to the Superior Court of Pennsylvania, and to the Supreme Court of Pennsylvania in a petition for allowance of appeal, or else have been presented directly to the Pennsylvania Supreme Court.

is dismissed on its merits, no other petition can be filed challenging that conviction without the permission of the Court of Appeals.

4.   The original petition in habeas corpus proceedings shall be filed with the Clerk.   Four copies shall also be filed with the clerk for the following parties:    1) head of the institution where the prisoner is confined;  2) District Attorney of the County of Pennsylvania in which sentence was imposed or in which the petitioner is being held; 3) Attorney General of the Commonwealth of Pennsylvania; 4) any other person named as a party respondent in said proceeding.

5.   The District Attorney, or an assistant, of the County where the petitioner was sentenced or is being held shall represent and appear for respondent in cases challenging state court convictions, sentences or other orders.  The Attorney General of Pennsylvania generally will represent and appear for the Board of Probation and Parole when it is the proper respondent.